CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 5:10cr00017-1 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| JOSEPH SCOTT CHAMPION. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Petitioner, Joseph Scott Champion, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 motion challenging the validity of his guilty plea and sentence of 30 months on several fraud charges. Champion alleges that his plea was not knowing and voluntary and that counsel provided ineffective assistance on multiple grounds. This matter is before the court on the government's motion to dismiss. The court finds that Champion's plea was knowing and voluntary and that he waived his ineffective assistance of counsel claims in his plea agreement. Accordingly, the court grants respondent's motion to dismiss.

I.

On June 17, 2010, pursuant to a written plea agreement, Champion pled guilty to a four-count Information alleging that he violated 18 U.S.C. § 1029(a)(2) by "knowingly and with the intent to defraud, used one or more unauthorized access devices . . . and by such conduct, obtained in excess of $1,000, with said use affecting interstate commerce . . . ." Under the terms of the plea agreement, the United States agreed, *inter alia*, to recommend a reduction in Champion's offense level for acceptance of responsibility and to recommend a sentence of incarceration at the low end of the applicable guideline range. In exchange for these concessions, Champion waived, *inter alia*, his rights to appeal "any and all issues in this matter" and to collaterally attack his conviction or sentence.

Champion initialed every page of the plea agreement, including the page containing the waivers of his right to appeal and collaterally attack his conviction or sentence. By signing the plea agreement, Champion affirmed that he had read the plea agreement, that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, and that he was voluntarily agreeing to its terms.

During his plea hearing before United States Magistrate Judge James G. Welsh, Champion stated under oath that he had a master's degree and that he was not under the influence of any drug, medication, or chemical that might impair his ability to understand and participate fully in the case. The court established that Champion was aware of the nature of the charges against him, that he understood the range of punishment that he faced, that he understood how the United States Sentencing Guidelines might apply in his case, and that he knew that he had the right to a jury trial. The court also established that Champion was aware that he would be bound by his plea agreement, even if his sentence was more severe than he expected.

The court instructed the Assistant United States Attorney to review the salient portions of the plea agreement that Champion had reached with the United States. The court asked Champion if the agreement described in court was the same as his own understanding of the agreement, to which Champion responded, "[y]es, sir." The court further advised Champion that his plea agreement stated that he was waiving his right to collaterally attack the judgment and asked Champion if he understood what he was waiving, to which Champion responded, "[y]es, sir." Champion affirmed that he read and understood the plea agreement before he signed it, and that no one had made any promises or induced him to plead guilty.

2

After all of the court's questions and statements, Champion pled guilty to each of the four counts against him. The court ultimately accepted Champion's pleas and found that they were "made knowingly and voluntarily."

On October 13, 2010, the court sentenced Champion to a total term of imprisonment of 30 months. Before the court pronounced the sentence, the court gave Champion the opportunity to address the court. At that time, Champion did not express any desire to withdraw from the plea agreement, voice any complaints regarding the quality and effectiveness of his attorney's representation, or raise any of the issues he currently raises in his § 2255 action. Champion did not appeal his conviction or sentence.

Champion filed the instant § 2255 motion, claiming that his plea was not knowing and voluntary and that counsel provided ineffective assistance. In support of his claims of ineffective assistance of counsel, Champion argues that counsel was ineffective in (1) failing to investigate the facts of the case; (2) failing to correctly advise Champion of the elements of the offense; (3) failing to advise Champion of possible defenses; and (4) "refus[ing] to assure [Champion] that he would defend him to the best of his ability."

## II.

Champion alleges that his plea was not voluntarily and knowingly made. However, this claim contrasts sharply with the statements Champion made during his plea colloquy during which he affirmed to the court that his plea was both knowing and voluntary. Upon consideration of his claim, the court finds that his plea was entered both knowingly and voluntarily, and therefore, dismisses his claim.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's

3

statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977); and citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74).

During his plea hearing, Champion affirmed that he completely understood the terms of the plea agreement including the appeal and collateral attack waivers, that he was entering the plea and waiving his appeal rights knowingly and voluntarily, that he was completely and fully satisfied with his attorney's representation, and that he did not challenge the government's evidence against him. The court took care to ensure that Champion was entering his plea both knowingly and voluntarily by reviewing the provisions until the court was fully satisfied that Champion understood. The court made findings on the record at the plea hearing that Champion was competent to plead and that he voluntarily and knowingly entered his plea. These findings were not mere formalities but rather reflected the court's considered opinion that Champion was in fact fully competent and that his plea was knowing and voluntary. Nothing that has followed has dispelled that conclusion. Accordingly, the court finds that Champion's challenge to the validity of his plea has no merit and, therefore, dismisses his claim.

### III.

Champion raises several claims of ineffective assistance of counsel. However, Champion knowingly and voluntarily waived his right to collaterally attack his plea and sentence and Champion's ineffective assistance claims fall within the scope of that waiver. Therefore, these claims must be dismissed.

4

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances

5

surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver. Attar, 38 F.3d at 732; Lemaster, 403 F.3d at 220 n.2; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Champion's guilty plea and waiver of collateral attack rights, the court must determine whether his claims falls within the scope of that waiver.

The court already found that Champion's plea was valid and further finds that his waiver of collateral attack right is also valid. Therefore, the court must now determine whether Champion's claims are included within the scope of the waiver. None of Champion's ineffective assistance of counsel claims allege complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor. Therefore, the court finds that Champion's claims fall within the scope of his waiver. Based on the court's findings that Champion's § 2255 waiver is valid and that his claims fall within the scope of that waiver,

the court further finds that these claims of ineffective assistance of counsel are not cognizable claims in a § 2255 motion and, therefore, dismisses them.

## IV.

For the reasons stated herein, the court grants the government's motion to dismiss.

**ENTER**: This 6th day of October, 2011.

_____
United States District Judge